# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PLATINUM SUPPLEMENTAL INSURANCE, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GUARANTEE TRUST LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

Case No. 17-cv-8872

Judge Robert M. Dow, Jr.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Platinum Supplemental Insurance, Inc. ("Platinum") brings this action against Defendant Guarantee Trust Life Insurance Company ("GTL") to enforce a previous settlement agreement between the parties. Currently before the Court is GTL's motion [35] to dismiss the complaint or, in the alternative, stay the action. For the reasons explained below, GTL's motion [35] is denied. However, given Platinum has failed to adequately plead GTL's citizenship, the Court will require the parties to file, no later than November 14, 2018, a joint jurisdictional statement supported by affidavits confirming the states of incorporation and principal places of business of both Platinum and GTL. This case is set for further status hearing on November 15, 2018 at 9:00 a.m.

**I. Background[1]**

In 2002, GTL and Platinum executed a marketing agreement ("the Marketing Agreement") whereby Platinum and its agents agreed to sell policies underwritten by GTL. [1, ¶ 1.] On

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Platinum's well-pleaded factual allegations and draws all reasonable inferences in Platinum's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court may also look beyond the jurisdictional allegations

December 11, 2015, GTL filed suit against Platinum ("the Illinois Action") in Cook County Circuit Court ("the Illinois Circuit Court"), alleging that Platinum breached the Marketing Agreement by failing to adequately train and supervise its agents. [*Id.* at Ex. 1 ¶¶ 74, 81–104.]

In February 2017, GTL and Platinum settled the Illinois Litigation. Their agreement was memorialized in a written settlement agreement ("the Settlement Agreement"). [1, Ex. 4; 14.] Shortly thereafter, on March 31, 2017, the Illinois Circuit Court entered an order of dismissal stating: "All claims in the above-captioned case are dismissed with prejudice as to all Defendants" and "[t]he parties agree that all claims that were filed or could have been filed in the Cook County litigation shall be deemed settled and resolved." [*Id.* at Ex. 2 ¶¶ 1–2.] The Settlement Agreement included a forum selection clause which stated: "In the event of any dispute arising out of this Agreement, the Parties agree such matters shall be resolved by filing a lawsuit in the U.S. District Court for the Northern District of Illinois if jurisdictional requirements are met." [*Id.* at Ex. 4 ¶ 13.]

While the parties were in the midst of litigating the Illinois Action, Thomas Grisham ("Grisham") filed a complaint against GTL ("the Missouri Federal Action") in the United States District Court for the Eastern District of Missouri ("the Missouri District Court") on December 8, 2016. [15, Ex. A ¶ 19.] In his suit, Grisham brought claims against GTL for denying his claim under an insurance policy sold by Platinum and underwritten by GTL. [18, Ex. 1 ¶ 2.]

On October 10, 2017, GTL filed a third-party complaint against Platinum as a cross-claim in the Missouri Action. [*Id.* at Ex. 3.] GTL alleged that if it were found liable to Grisham, Platinum

---

alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008). In doing so, the Court may take judicial notice of filings in other related proceedings. *Green v. Warden*, *U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) ("Among these matters of which a court may take judicial notice are its own court documents and records.") (citing *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971), certiorari denied, 404 U.S. 967 (1971)).

would owe indemnification and contribution to GTL because Grisham's suit arose from Platinum's alleged breach of the Marketing Agreement.  (*Id.* ¶ 14.)

On December 8, 2017, Platinum filed this action ("the 8872 Case") seeking a declaration that the Settlement Agreement barred GTL's cross-claim in the Missouri Action as *res judicata*, and damages for GTL's alleged breach of the Settlement Agreement.  [See generally 1.]  The case was initially assigned to Judge Aspen.  [See Docket.]  On February 8, 2018, GTL filed the instant motion [15 (refiled at 35)] to dismiss pursuant to Rules 12(b)(1) and 12(b)(7).  The motion seeks to dismiss or stay the action on three grounds:  (1) abstention in favor of the Missouri Action, (2) abstention in favor of the Illinois Circuit Court, which retained jurisdiction to enforce the Settlement Agreement, and (3) failure to join a necessary party, Grisham.  [15, at 1–2.]  Platinum filed a response [18], and GTL filed a reply [19].

On April 4, 2018, shortly after the motion to dismiss [15] was fully briefed, the Missouri District Court severed GTL's cross-claim in the Missouri Federal Action and transferred that claim to the Northern District of Illinois.  [See 21, Ex. 1.]  The transferred cross-claim was assigned case number 18-cv-3109 ("the 3109 Case").  [See Case No. 18-cv-3109 (N.D. Ill.).]  On June 29, 2018, the 8872 Case was reassigned to this Court.  [25.]

The parties brought a joint motion to consolidate the 3109 and 8872 Cases [28], which the Court granted in part on July 19, 2018, [31 (requesting the reassignment of the 3109 Case as a related case only)].  At the motion hearing, the parties informed the Court that GTL and Grisham were attending a mediation on August 17, 2018.  [31.]  Given the upcoming mediation, the Court (1) set an initial status hearing for September 18, 2018, (2) requested a joint status report by the end of August, and (3) took the motion [15] to dismiss under advisement.  [31.]  At the status hearing on September 18, the parties informed the Court that the Missouri Action had been settled

as to Grisham and GTL. [See 34; 36.] Given that settlement, the parties agreed to refile the motion [15] and file a brief status report by October 2, 2018 regarding a possible jurisdictional issue raised by the settlement. [34.] GTL refiled the motion to dismiss on October 2, 2018. [35.] That same day, the parties also filed their status reports. [36; 37.] On October 9, 2018, the Missouri District Court terminated the Missouri Action with prejudice. [Missouri Action, 60.]

## II. Analysis

### A. Abstention

GTL first contends that this Court should abstain from exercising its jurisdiction because (1) this case amounts to a cross-claim that should have been brought in the Missouri Action and (2) the Illinois Circuit Court retained jurisdiction to enforce the Settlement Agreement. [35, 4–7.] A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). In ruling on the motion, the Court may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

Under the doctrine announced by the Supreme Court in *Colorado River Water Conversation District v. United States*, a court may stay or dismiss "a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." 424 U.S. 800, 818 (1976). Abstention "can be justified under this doctrine only in [ ] exceptional circumstances, where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813. However, in *Wilton v. Seven Falls Co.*, the Supreme Court explained that "district courts [have] greater discretion in declaratory judgment actions" when considering whether to abstain. 515 U.S. 277, 286 (1995). The parties dispute which of these two standards should apply. [See 18; 19.]

The Court declines to abstain under either doctrine. First, the Missouri Action has now been terminated, and the cross-claims arising from it have been transferred to this Court. Second, the Court is unaware of any pending litigation before the Illinois Circuit Court. Given the absence of any pending state litigation and the fact that both the 8872 and 3109 Cases are now before this Court, there is no basis for abstaining from one case on the Court's docket in deference to another. The 8872 and 3109 Cases amount to a suit and countersuit. The parties' joint motion to consolidate the two cases supports that conclusion. [28; 36, at 2.] Furthermore, no party has offered any argument to support the proposition that this Court should abstain in favor of the Illinois Circuit Court given the parties' federal litigation has now been consolidated before it. In fact, while the cross-claim in the Missouri Action remained before the Missouri District Court, GTL argued that that court was capable of resolving any questions regarding the Settlement Agreement. [35, at 7.] Furthermore, it would be a waste of judicial resources for the Court to dismiss this case and force the parties to renew their dispute in state court. The Court therefore denies GTL's motion to dismiss under Rule 12(b)(1).

## B. Failure to Join

GTL next contends that because Grisham is an indispensable and necessary party to this action, the action must be dismissed because he has not been joined as a party. [35, at 7.] In ruling on a Rule 12(b)(7) motion, the Court must accept the complaint's allegations as true, but it also may consider extrinsic evidence outside the pleadings. See *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479–480 & nn. 2 & 4 (7th Cir. 2001).

The threshold question on GTL's Rule 12(b)(7) motion is whether Grisham is a necessary and indispensable party under Rule 19. Analysis under Rule 19 is bifurcated. First, the Court determines under Rule 19(a) whether "a person" is necessary—or, in the Rule's terms, whether the person is "required to be joined if feasible." Fed. R. Civ. P. 19(a). A person is necessary if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1); see *Thomas v. United States,* 189 F.3d 662, 667 (7th Cir. 1999). Second, if a person is necessary under Rule 19(a) but cannot be joined, the court must determine under Rule 19(b) whether the person is indispensable—or, in the Rule's terms, "whether, in equity and good conscience, the action should proceed among the existing parties" without the necessary person "or should be dismissed." Fed. R. Civ. P. 19(b); see *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir. 1990). GTL bears the burden of demonstrating that Grisham is both a necessary and an indispensable party under Rule 19. See *Ilan–Gat Eng'rs, Ltd. v. Antigua Int'l Bank,* 659 F.2d 234, 242 (D.C. Cir. 1981); *Vasarhelyi v. Rojas,* 2010 WL 737589, at *5 (N.D. Ill. Feb. 26,

6

2010); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 67 (3d ed. 2004) ("The cases make it clear that the burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.").

The evolution of this case has largely mooted the issue. Grisham and GTL settled the claims between them in the Missouri Action for $55,000 on August 20, 2018. The only issue regarding Grisham therefore is whether Platinum or GTL will ultimately bear the cost of the settlement. Given that the settlement is a sum certain, and that neither Platinum nor GTL has put the solvency of the other in question, Grisham does not have a legitimate interest in which entity ultimately is held responsible for that settlement. Moreover, given that the settlement agreement between Grisham and GTL presumably only binds those two parties, GTL must pay that settlement regardless of whether this or any other court eventually determines that Platinum must reimburse GTL. In other words, the Court (1) can accord complete relief between GTL and Platinum without Grisham's presence and (2) while Grisham has a tangential interest in this action, disposing of the action in his absence would not (i) impair or impede his ability to protect that interest or (ii) leave either Platinum or GTL subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. The Court therefore denies GTL's motion to dismiss under Rule 12(b)(7).

### C. Diversity Jurisdiction

#### 1. Amount in Controversy

At the status hearing on September 18, 2018, the parties suggested that the amount of the monetary settlement between Grisham and GTL may have implications for the Court's diversity jurisdiction. The Court therefore ordered the parties to submit brief status reports regarding the

issue. [34.] In its status report, GTL asserted that it is entitled to $72,296.73 from Platinum under theories of indemnification and contribution. [36, at 2.] Platinum asserted that it has already incurred more than $75,000 in attorney's fees and costs in its efforts to enforce the Settlement Agreement, the reimbursement of which it seeks under the Settlement Agreement. [37, at 2–3.]

Pursuant to 28 U.S.C. § 1332, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different states." 28 U.S.C. § 1332(a)(1). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation omitted). Once a plaintiff has pled that it meets the amount in controversy requirement, a rebuttable presumption arises that the amount in controversy requirement has been satisfied. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Here, Platinum alleged that the amount in controversy exceeded the jurisdictional requirement of 28 U.S.C. § 1332. [1, ¶ 4.] The only question therefore is whether the settlement of the Missouri Action has changed anything.

If a plaintiff has a right to attorney's fees "based on contract, statute, or other legal authority," it may count them toward the amount in controversy. *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 661 (7th Cir. 1982), abrogated on other grounds by *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001). The Settlement Agreement—which Platinum submitted to the Court with its complaint [1, Ex. 4; 14]—provides that the prevailing party in a lawsuit to enforce the Settlement Agreement shall be awarded reasonable costs and attorneys' fees. [14, ¶ 13.] As

noted above, Platinum asserts that it has already spent more than $75,000 in fees and costs to enforce the Settlement Agreement in this suit and the cross-claim in the Missouri Action. Because it is entitled to reimbursement of these outlays under the Settlement Agreement, they may be considered in the calculation of the jurisdictional amount. Consequently, Platinum has properly alleged that it is entitled to an amount in excess of the jurisdictional requirement of 28 U.S.C. § 1332 and this Court has jurisdiction over the matter.

### 2. Diversity of Citizenship

Finally, in its reply, GTL asserted that Platinum had not adequately pled facts to support the Court's exercise of its diversity jurisdiction. [19, 4–5.] Without citing precedent, GTL claimed that Platinum's allegation—"GTL is a legal mutual reserve company located in the State of Illinois"—was insufficient as a matter of law to plead the citizenship of GTL.[2] [*Id.* (citing 1, ¶ 8).] Arguments raised for the first time in a reply brief may be subject to waiver, but not when they relate to jurisdiction, for the Court has an independent duty to ensure it has subject matter jurisdiction at all times. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

To properly plead diversity jurisdiction, a corporate plaintiff must allege (1) the location of a corporation's principal place of business where a corporation's officers direct, control, and coordinate the corporation's activities, *i.e.* its "nerve center," and (2) its place of incorporation. See 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 80–81; see also *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("what matters for the citizenship of a corporation is its state of incorporation and its principal place of business, not its 'headquarters.'") Thus, GTL correctly identifies Plaintiff's allegation that "GTL is a legal mutual reserve company located in the State of Illinois" as insufficient. See e.g., *Hawver v. Metlife Ins. Co. USA*, 2016 WL 10933001, at *1

---

[2] The Court notes that GTL included the exact same language in its cross-claim complaint in the Missouri Action. [3109 Case, 23, ¶ 2.]

(S.D. Ind. Nov. 22, 2016) (concluding that the allegation "Defendant MetLife Insurance Company USA ('MetLife') is 'a Delaware corporation with its home office located' in Delaware" was insufficient to plead jurisdiction and ordering the plaintiff to file an amended complaint).

However, the Court may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008). Platinum asserted in its status report that "it understands that both parties are in agreement that there is complete diversity." [37, at 1.] While the Court has no reason to doubt the accuracy of that statement, it has been unable to locate any authority for the proposition that the Court may exercise its jurisdiction based on an assertion that diversity of citizenship is uncontested. Consequently, the Court will require the parties to file, no later than November 14, 2018, a joint jurisdictional statement supported by affidavits confirming the states of incorporation and principal places of business of both Platinum and GTL.

### III. Conclusion

For the reasons explained above, GTL's motion [35] to dismiss is denied and the parties are ordered to file the joint jurisdictional statement with affidavits identified above by November 14, 2018. This case is set for further status hearing on November 15, 2018 at 9:00 a.m.

Dated: October 31, 2018

Robert M. Dow, Jr.
United States District Judge